IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RALPH SANDERS, #26480                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 4:08cv123-LRA

SHERIFF JAMES MOORE, ET AL                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Ralph Sanders [hereinafter "Plaintiff"], *pro se,* appeared before the undersigned United States Magistrate Judge on the 18th day of February, 2009, for an omnibus hearing in Cause No. 4:08cv133. The attorney for Defendants Sheriff James Moore, Tina Bolden, Geneva Westerfield, and Earnest Young, were not in attendance on this date, as the omnibus hearing had not been previously scheduled for the instant case. Because Plaintiff agreed to give testimony regarding both of his lawsuits, the Court proceeded in this case, as well as 4:08cv133. Jurisdiction of this case is based upon 42 U.S.C. § 1983, and, pursuant to the parties' consent, it was assigned to the undersigned United States Magistrate Judge for all purposes by Order [docket entry number 47] entered by District Judge Tom S. Lee on March 3, 2009.

This hearing was scheduled to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and to determine if they are sufficient to maintain the case under 28 U.S.C. §1915A and § 1915(e)(2)(B). These statutes require the Court to screen complaints when a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in 1915A as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath.

The Court, having carefully reviewed the complaint, the sworn testimony of Plaintiff, and the applicable law, finds that the claims of Plaintiff are insufficient in law to state a cause of action under §1983. Accordingly, Plaintiff's complaint will be dismissed as legally frivolous for the reasons set forth below.

The docket reflects that Plaintiff is presently in the custody of the Mississippi Department of Corrections at the Central Mississippi Correctional Facility in Pearl, Mississippi.[1] According to Plaintiff's complaint, as augmented by his sworn testimony at the omnibus hearing, he was housed in the Kemper -Neshoba Regional Correctional Facility in Dekalb, Mississippi, for a period of time in late 2008. According to Plaintiff,

---

[1]"Ralph Sanders" does not appear on the Mississippi Department of Corrections' inmate locator website. He gave his address in Cause No. 4:08cv133 as Parchman, Mississippi. He may have been released from MDOC custody, but he has provided no other addresses to the Court.

he suffered from high blood pressure while he was there, and Defendant nurse Geneva Westerfield did not treat him properly. On one occasion, he was numb and lightheaded, but Defendant Westerfield left to go home for the evening. She did provide tylenol and ibuprophen, but that was all she ever gave him. She did send him to a clinic on one occasion, but nothing else thereafter. She did get him a higher fluid tablet for his high blood pressure; he doubled this, and his blood pressure did come down. He is displeased with the medical care Defendant Westerfield provided. He also asked her to help him get complaint forms and legal forms, and she refused to assist him. Generally, Plaintiff alleges that Defendant Westerfield does not care about his blood pressure problems. Plaintiff conceded that his blood pressure was eventually controlled by the medications he was given, and that he has no damage due to the treatment he received while housed there.

As to Defendant Sheriff Moore and Officer Tina Bolden, Plaintiff contends that he requested certain legal forms from them, and they refused to help him or get him the forms. He was aggravated during his entire stay there because he was unable to tend to his legal matters. They would not let him place telephone calls until about 4:55 p.m. each day, and the various offices he needed to call were not open. He conceded that did not miss any court dates or legal filings due to their actions.

Plaintiff has sued Defendant Earnest Young, one of the officers over the jail, because he kept the air conditioner on like a meat locker. Even in December when it was very cold, Defendant Young kept the air conditioning going strong. Plaintiff could not think of any long term damage this did to his health.

3

Defendants attached to their Answer authenticated copies of Plaintiff's medical records while housed in KNRCF. The records confirm that Plaintiff received nearly daily medical care by the nursing staff while housed there; he was treated for high blood pressure, and he was sent to an outside clinic on one occasion. Plaintiff is no longer housed in the custody of any of these Defendants.

The undersigned questioned Plaintiff as to any other complaints that he has regarding these Defendants; he confirmed these are all the actions about which he complains. The Court has carefully considered the facts as alleged by the Plaintiff in the omnibus hearing and in his pleadings in conjunction with the applicable constitutional and federal law. The Plaintiff is cautioned that **inattentiveness** on the part of his custodians does not create a constitutional claim. Furthermore, uncomfortable conditions, or medical care that does not please the inmate, do not violate the constitution. To receive a money judgment against these officials because of prison conditions, a Plaintiff ordinarily must show actual injuries and a deliberate intent to harm on the part of Defendants.

Plaintiff has not and cannot show that he has suffered from any health problems due to the medical care he received while housed at KMRCR. His medical records confirm that he received numerous medical visits and medications, and he has not suffered from any serious health threat as a result of his incarceration. He suffered from no dramatic weight loss while incarcerated. Although he testified that he felt like he was in a meat locker most of the time, he could not say that he was injured in any way by the cold.

Plaintiff's allegations regarding Defendants' failure to help him get legal forms are insufficient to state a claim upon which relief could be granted. He could not specify precisely what he needed, nor could he articulate any prejudice that resulted from their failure to assist him. He missed no legal deadlines or hearing. Under the facts as testified to by Plaintiff, these claims against Sheriff Moore and Officer Bolden are clearly frivolous. None of his "legal claims" were hindered by their inaction.

The Court finds that Plaintiff's allegations, taken in a light most favorable to him, simply do not rise to the level of a constitutional violation. Harsh "conditions of confinement" may constitute cruel and unusual punishment unless such conditions are "part of the penalty that criminal offenders pay for their offenses against society." Whitley v. Albers, 475 U.S. 312, 319 (1985) *quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gillespie v. Crawford, 833 F.2d 47, 50 (5th Cir. 1987). In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id.* In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also* Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998).

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions.  Wilson v. Seiter, 501 U.S. 294, 303 (1991).  Mere negligence does not satisfy the "deliberate indifference" standard.  *Id.*  The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities."  *Id.* at 304.  Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both the objective and subjective components.  Davis v. Scott, 157 F.3 1003, 1006 (5th Cir. 1998), *citing* Hudson v. McMillian, 503 U.S. 1, 8 (1992).  As the Court noted in Davis, since "[f]or the objective component, extreme deprivations are required to make out a conditions-of-confinements claim," and cannot be made, it is unnecessary to reach the subjective component.

In Plaintiff's case, neither the objective or subjective components can be met. It is obvious that these prison officials were not attempting to punish Plaintiff by the medical care they provided him; he simply was not satisfied.  Other than controlling his hypertension, Plaintiff stated no other medical problems.  He conceded that his blood pressure was controlled by the medications he was given.

An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  Under the circumstances, wherein Plaintiff has not set forth any fact or testimony with which to show an intent to punish, or deliberate indifference, on the part of these individuals, the conditions complained of do not rise to the level of an Eighth Amendment or Fourteenth Amendment violation. Plaintiff has shown no actual injury; he primarily claimed discomfort and the fear of

becoming ill. This does not rise to the level of an Eighth Amendment claim. His vague allegations regarding Defendants' failure to help him get legal forms fail, also.

Having liberally construed the complaint in favor of Plaintiff, the Court finds that his claims are frivolous[2] and fail to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A Final Judgment in favor of all Defendants shall be entered on this date.

---

[2] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995)

[3] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO ORDERED, this the 5th day of August, 2009.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE